**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TREY GUNTER, | |
| Appellant | No. 830 WDA 2016 |

Appeal from the Judgment of Sentence entered February 9, 2016
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0003499-2014.

BEFORE:  OLSON and RANSOM, JJ., and STEVENS,* P.J.E.,

MEMORANDUM BY RANSOM, J.: **FILED MAY 08, 2017**

Appellant Trey Gunter appeals from the judgment of sentence of fifteen to forty years of imprisonment, imposed February 9, 2016, after he pleaded guilty to third-degree murder.[1] Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, accompanied by an *Anders* brief.[2]  We grant counsel's withdrawal petition and affirm the judgment of sentence.

The trial court summarized the pertinent facts as follows:

> [Appellant's conviction stems] from an incident that
> occurred on November 17, 2014, at an apartment off-campus of

---

[1] 18 Pa.C.S. § 2502(c).

[2] *See Anders v. California*, 386 U.S. 738 (1967).

*Former Justice specially assigned to the Superior Court.

Edinboro University. Appellant, a Pittsburgh native, was an Edinboro student one semester away from graduating. The victim, Tobiah Johnson, had taken Appellant's gun several days earlier. Appellant obtained another gun, and, as alleged by the Commonwealth, with the help of Ryan Andrews and Michael Barron, confronted the victim outside of the victim's apartment. The Commonwealth further alleged that Mr. Barron was waiting outside of the victim's apartment, and that when the victim came out, Mr. Barron punched him in his head, knocking him to the ground. Appellant and Mr. Andrews got out of their vehicle and assaulted the victim. When the victim tried to get up, Appellant shot him in his back, killing him.

Trial Court Opinion, 8/8/16, at 1-2.

Following his arrest, the Commonwealth and Appellant's trial counsel reached a plea agreement, and Appellant completed a written plea colloquy form. The trial court conducted an oral colloquy with Appellant at an evidentiary hearing on September 23, 2015, and at its conclusion, the trial court accepted Appellant's plea as knowing, voluntary and intelligent. On February 9, 2016, the trial court sentenced Appellant as outlined above. The court denied Appellant's timely-filed motion to modify sentence. This appeal follows. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Within her **Anders** brief, Appellant's counsel addresses the following issues Appellant wished to raise on appeal:

A. WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN ACCEPTING [APPELLANT'S] PLEA OF GUILTY WHEN [HE] DID NOT ENTER THE PLEA FREELY, KNOWINGLY AND INTELLIGENTLY?

B. WHETHER [APPELLANT'S] SENTENCE IS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE AND INCONSISTENT

- 2 -

WITH THE OBJECTIVE OF THE PENNSYLVANIA SENTENCING CODE?

Appellant's Brief at 4.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). An **Anders** brief shall comply with the requirements set forth by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009);

> [W[e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 361.

Counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (citations omitted).

- 3 -

Upon review of counsel's petition to withdraw, the supporting documentation, and her **Anders** brief, we conclude that counsel has satisfied the procedural requirements of **Anders/Santiago**.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citations omitted).

Appellant first asserts that he did not enter a knowing, voluntary, and intelligent guilty plea. He failed to raise the issue of the validity of his guilty plea either orally before the trial court or in a post-sentence motion. Accordingly, this issue is waived for purposes of appeal. **See generally**, Pa.R.Crim.P. 720(B); **Commonwealth v. D'Collanfield**, 805 A.2d 1244 (Pa. Super. 2002). Moreover, absent waiver, our review of the record refutes Appellant's assertions that he was not informed of the elements of third-degree murder or the legal and factual basis for his guilty plea. **See generally, Commonwealth v. Yeomans**, 24 A.3d 1044 (Pa. Super. 2011).

In his second issue, Appellant challenges the discretionary aspects of his sentence. As we recently observed in **Commonwealth v. McLaine**, 150 A.3d 70, 76 (Pa. Super. 2016) (citation omitted), "[a]n appellant is not

entitled to the review of challenges to the discretionary aspects of a sentence as a matter of right." Instead, to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.*

Because Appellant's has met the first three requirements, we must determine whether he has raised a substantial question. The presence of a substantial question is determined on a case-by-case basis and only exists when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Diehl*, 140 A.3d 34, 44-45 (Pa. Super. 2016) (citations omitted).

Although Appellant acknowledges that he received a standard-range minimum sentence, he essentially argues that the trial court did not properly consider the sentencing factors found at 42 Pa.C.S. § 9721, because it imposed a lengthy sentence despite his presentation of many mitigating factors. An argument that the sentencing court failed to consider mitigating

factors in favor of a lesser sentence does not present a substantial question appropriate for our review. ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257-58 (Pa. Super. 2004) (citing ***Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa. Super. 2003)).

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely by an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. ***Commonwealth v. Shull***, 148 A.3d 820 (Pa. Super. 2016).

Even if we were to find a substantial question to exist, we would conclude that the trial court adequately explained at sentencing why it chose a lengthy sentence despite Appellant's evidence of mitigation.

As sentencing, the trial court stated:

> THE COURT: All right. I have considered the statements of counsel. I've considered the references of character, the record of those in attendance. As stated previously, I have thoroughly read the Pennsylvania Commission on Sentencing Guidelines and I have read the pre-sentence investigative report. I have made it a part of the record. I have spent exhaustive time going through your prior history, [Appellant] through the Allegheny Office of Children and Youth and Families. I have also read extensively and incorporated your entire sentencing memorandum as advocated by [trial counsel], and I've also considered the government's comments in balance, including their sentencing memorandum.

- 6 -

So here's what I am left with. I do have to consider the nature of the offense, the gravity, the need for public protection, the chances of rehabilitation, several of the other factors as outlined by [trial counsel]. Those are all fair. But I do have a lot of discretion here. Let me first start by telling you there is no chance you're getting a sentence in the mitigated range. I was perhaps open to the idea until I heard further from you. You are not committed to living a crime-free life. Somehow, somewhere, you appear to me to be beholden to this whole arena of, I think, gun violence, gun use, and to some extent, drug use. You had an opportunity to explain the texts that were attributed to your phone. As a former local and federal prosecutor, and as a Judge now in my fourteenth year, there is no question what is going on in those messages. And it is at a time that is within three days of this murder.

Also, I've considered your level of remorse. I'm not completely convinced how remorseful you are, because if you were, you would have thought about the consequences of not only the gun that was stolen from you being in the hands of perhaps [the victim] or perhaps others in the Edinboro community, but also the whereabouts of a 9 millimeter, the murder weapon, if you will, and where that ended up. And we still don't have that accounted for. Those are very concerning elements to me.

N.T., 2/9/16, at 104-106.

After imposing costs and restitution, and declining to impose a fine, the trial court then stated:

I believe that a standard range sentence is appropriate and it will be as follows: There will be a minimum sentence of fifteen years to a maximum of forty years.

I will consider any request based upon your conduct in prison as to whether or not you will be and can be persuaded to be released after serving your minimum, but that is a matter of state parole review. You see, [Appellant], you held the keys to your sentence and you refused to turn the lock. And I am convinced this is the least restrictive way to accomplish the sentencing factors that are before me.

*Id.* at 106-107.

In arguing an abuse of discretion, Appellant essentially asks this court to reweigh the legitimate sentencing factors presented. This we cannot do. *See Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002) (citing *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (explaining that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this Court substitute its judgment for that of the trial court in fashioning a defendant's sentence); *see also Commonwealth v. Fullin*, 892 A.2d 843, 849-580 (Pa. Super. 2006) (where the sentencing court had the benefit of a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors).

Thus, given the above, we agree with counsel's assessment that the issues Appellant wished to raise on appeal are frivolous. Moreover, our independent review of the record reveals no other non-frivolous issue. We therefor grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.[3]

---

[3] Given this disposition, we deny Appellant's *pro se* motion for remand without prejudice to his ability to raise his claim of newly-discovered evidence in post-conviction proceedings.

Petition to withdraw granted. Motion for Remand denied. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2017